The STATE of Ohio, Appellee,

v.

MALEN, Appellant.

[Cite as *State v. Malen* (1993), 83 Ohio App.3d 394.]

Court of Appeals of Ohio,
Stark County.

No. CA–9146.

Decided March 29, 1993.

*John D. Ferrero, Jr.,* and *Robert A. Zedell,* for appellee.

*Briggs & Pry* and *R. David Briggs,* for appellant.

GWIN, Judge.

Defendant-appellant, Marko Malen ("appellant"), appeals from the judgment of conviction and sentence entered upon his no contest plea to the charge of operating a motor vehicle with a prohibited concentration of alcohol in his urine, a violation of R.C. 4511.19(A)(4). Appellant assigns as error:

Assignment of Error No. I

"The trial court committed prejudicial error by denying defendant-appellant's motion to suppress, for the sole reason that said motion did not comply with Criminal Rule 12(C)."

Assignment of Error No. II

"The trial court committed prejudicial error in finding defendant-appellant guilty of violation of R.C. § 4511.19(A)(4) when defendant-appellant had never been served a copy of the instrument charging such a violation."

On June 14, 1992, appellant was charged by way of a Uniform Traffic Citation with the offense of operating a motor vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(1). Appellant was arraigned on that charge on June 26, 1992.

By judgment entered July 10, 1992, the trial court granted the state's motion to amend the Uniform Traffic Citation to include the charge of operating a motor vehicle with a prohibited concentration of alcohol in appellant's urine, a violation of R.C. 4511.19(A)(4). On August 7, 1992, appellant moved, *inter alia*, to suppress his urinalysis results for failure to timely administer same. The motion to suppress was filed some forty-two days after appellant's arraignment, but twenty-eight days after the amendment of the charges against appellant.

The trial court overruled the motion to suppress on the basis that it "was not timely filed in accordance with Rule 12(C) of the Ohio Rules of Criminal Procedure." Crim.R. 12(C) provides:

"All pretrial motions except as provided in Rule 7(E) and Rule 16(F) shall be made within thirty-five days after arraignment or seven days before trial, whichever is earlier. The court in the interest of justice may extend the time for making pretrial motions."

I

Through his first assignment, appellant maintains the trial court erred in overruling his motion to suppress the results of his urinalysis on the basis that said motion was untimely filed. We agree.

Although Crim.R. 12(C) places a discretionary thirty-five day time limitation following arraignment for pretrial suppression motions, the facts of this case mandate a tolling of the time limitation (for a motion to suppress evidence regarding the R.C. 4511.19[A][4] charge) to the date of the amendment.

Fourteen days following appellant's arraignment on the charge of operating a motor vehicle under the influence of alcohol (R.C. 4511.19[A][1] ), the state added against appellant, by way of amendment, the charge of operating a motor vehicle with a prohibited concentration of alcohol in appellant's urine (R.C. 4511.-19[A][4] ). The amendment was not a minor change to the offense originally charged against appellant, but was an inclusion of an entirely new offense. Under these circumstances, it would be patently unjust to require appellant to

file his motion to suppress the results of his urinalysis on the charge of violating R.C. 4511.19[A][4] thirty-five days after his arraignment when said charge was not filed against appellant until fourteen days after the arraignment.

Accordingly, we hold that where the state makes an amendment to the substance of an indictment, information, or complaint charging a defendant with a new crime, the thirty-five day time limitation contained in Crim.R. 12(C) for raising a pretrial suppression motion regarding the new charge will be tolled to the date of the amendment.

To hold otherwise, would permit the state to bring a new charge against appellant thirty-six days after the arraignment and preclude the defendant from timely filing a motion to suppress evidence regarding the new charge. Failure to raise a timely motion to suppress can inevitably lead to a defendant's waiver as to the admissibility of certain evidence. See *State v. Collins* (1985), 26 Ohio App.3d 204, 26 OBR 426, 498 N.E.2d 1379. As such, a defendant's right to prepare and defend against a new criminal offense, charged after an arraignment, would be impermissibly curtailed.

Therefore, appellant's first assigned error is sustained, the judgment appealed from is vacated and this cause is remanded to the trial court to conduct a hearing on appellant's motion to suppress that evidence relating to the charge of violating R.C. 4511.19(A)(4).

## II

Through his second assignment, appellant claims he never was served a copy of the judgment amending the charges against him to include a charge of violating R.C. 4511.19(A)(4). We disagree.

The record on appeal demonstrates that counsel for appellant was served a copy of the amendment by regular United States mail and counsel for appellant admitted receipt of same. As such, appellant was constructively served a copy of the subsequent charging instrument.

Appellant's second assigned error is overruled.

For the foregoing reasons, the judgment of conviction and sentence entered in the Massillon Municipal Court is hereby vacated and this cause is remanded to that court for a hearing on appellant's motion to suppress evidence relating to the charge that appellant violated R.C. 4511.19(A)(4).

*Judgment accordingly.*

SMART, P.J., and FARMER, J., concur.